**Todd R. Johnston, OSB 992913**
tjohnston@hershnerhunter.com
Hershner Hunter, LLP
180 E. 11th Avenue
P.O. Box 1475
Eugene, OR 97440-1475
Telephone: (541) 686-8511
Facsimile: (541) 344-2025

**Of Attorneys for Plaintiff**

# UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON

# EUGENE DIVISION

| | |
|---|---|
| **PACWEST DEVELOPMENT, LLC**, an Oregon limited liability company doing business as PACWEST HOMES**;**<br><br>    **Plaintiff,**<br><br>    v.<br><br>**PACWEST II, L.L.C.**, an Oregon limited liability company doing business as GROUP PACWEST HOMES**;**<br><br>    **Defendant.** | Case No.<br><br>**Plaintiff Pacwest Development, LLC's COMPLAINT**<br><br>Trademark Infringement (15 U.S.C. §1125(a)(1)(A))<br><br>Unfair Trade Practice (15 U.S.C. §1125(a)(1)(B) and ORS 646.608)<br><br>Dilution (ORS 647.107)<br><br>DEMAND FOR JURY TRIAL |

Plaintiff alleges:

## PARTIES

1.    Plaintiff Pacwest Homes ("Pacwest Homes") is an assumed business name of

Pacwest Development, LLC, an Oregon limited liability company that builds and remodels

premier, custom homes in the Deschutes County, Oregon area. Pacwest Homes was registered with the Oregon Corporation Division on January 8, 2001.

2. Defendant Pacwest II, L.L.C., doing business as "Group Pacwest Homes," is an Oregon limited liability company that constructs and sells entry level homes in the Deschutes County, Oregon, area. Group Pacwest Homes was registered with the Oregon Corporation Division on March 8, 2012.

## JURISDICTION

3. This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1332(a) because Plaintiff's cause of action necessarily depends on resolution of a substantial question of federal law.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claim occurred in Deschutes County, Oregon.

## FACTUAL ALLEGATIONS

5. Since January 2001, Pacwest Homes has identified its business with consumers through signage and other labels using the words "Pacwest Homes" (the "Mark").

6. The Mark is a trademark as defined by 15 U.S.C. § 1127 and ORS 647.005, is not generic or merely descriptive, and has acquired secondary meaning.

7. Since January 2001, Plaintiff has used the Mark to identify its projects and work in commerce throughout the Deschutes County, Oregon, area. During that time, there has been no other contractor or construction company in the residential construction field in the Deschutes County area that has used the Mark or any words similar to the Mark to identify itself, its projects or services.

8.     In or about March 2012, Defendant began marketing residential homes, in the Deschutes County area, using the name "Group Pacwest Homes" ("Infringing Signage").

9.     The Mark was used by Plaintiff in commerce throughout Deschutes County before the Infringing Signage was used to advertise Defendant's projects and services.

10.    The Infringing Signage constitutes a malicious, fraudulent, willful and intentional act by Defendant to confuse and deceive consumers and interfere with Plaintiff's business.

11.    As a direct result of Defendant's use of the Infringing Signage, Plaintiff has been and will continue to be forced to respond to numerous consumers who have been confused and misled about the nature of the companies and the different projects and services they provide. Plaintiff will continue to incur additional expense in the form of advertising and outreach designed to mitigate the confusion caused by the Infringing Signage.

12.    Defendant's use of the Infringing Signage has caused and is causing Plaintiff damages in an amount to be proven at trial, but currently estimated to exceed $500,000, and including, but not limited to, advertising costs, lost profits, dilution of the Mark and loss of goodwill. Further, Defendant was and will continue to be unjustly enriched when it receives profits attributable to its use of the Infringing Signage.

## FIRST CLAIM FOR RELIEF

(Trademark Infringement; 15 U.S.C. § 1125(a)(1)(A))

13.    Plaintiff realleges paragraphs 1 through 12.

14.    Defendant's use of the Infringing Signage constitutes trademark infringement for at least the following reasons:

(a)    the Infringing Signage is used in connection with similar products and services;

(b) the Infringing Signage is used in commerce in an area where Plaintiff uses the Mark in commerce; and

(c) the Infringing Signage has caused and is likely to cause confusion, mistake or deception among consumers regarding Defendant's true identity and the source and origin of Defendant's projects and services.

15. Defendant's infringement of the Mark is willful and intentional.

16. Pursuant to 15 U.S.C. § 1125(5)(a) and 15 U.S.C. § 1116, Plaintiff is entitled to injunctive relief requiring Defendant to remove the Infringing Signage in the Deschutes County, Oregon, area and preventing Defendant from engaging in similar advertising in the future.

17. Pursuant to 15 U.S.C. § 1117(a), Plaintiff is entitled to judgment in the amount of treble Defendant's profits resulting from use of the Infringing Signage, treble damages suffered by Plaintiff in an amount to be proven at trial, but currently estimated to exceed $500,000, which includes Plaintiff's actual damages incurred from use of the Infringing Signage, corrective advertising costs, lost profits and loss to goodwill, its costs and attorney fees.

## SECOND CLAIM FOR RELIEF

(Unfair Trade Practice, 15 U.S.C. § 1125(a)(1)(B))

18. Plaintiff realleges paragraphs 1 through 16.

19. Defendant's use of the Infringing Signage constitutes an unfair trade practice because, in commercial advertising or promotion, Defendant misrepresented the nature and characteristics of its commercial activities.

20. Pursuant to 15 U.S.C. § 1125(5)(a) and 15 U.S.C. § 1116, Plaintiff is entitled to injunctive relief requiring Defendant to remove the Infringing Signage in the Deschutes County, Oregon, area and preventing Defendant from engaging in similar advertising in the future.

21.     Pursuant to 15 U.S.C. § 1117(a), Plaintiff is entitled to judgment in the amount of treble Defendant's profits resulting from use of the Infringing Signage and treble damages suffered by Plaintiff in an amount to be proven at trial, but currently estimated to exceed $500,000, which includes Plaintiff's actual damages incurred from use of the Infringing Signage, corrective advertising costs, lost profits and loss to goodwill, its costs and attorney fees.

### THIRD CLAIM FOR RELIEF

(Unfair Trade Practices, ORS 646.608)

22.     Plaintiff realleges paragraphs 1 through 16.

23.     Defendant's use of the Infringing Signage in commerce constitutes an unfair trade practice for at least the reason that it has and is likely to cause confusion among consumers as to the source of Defendant's commercial activities and Defendant's identity.

24.     Pursuant to ORS 646.638, Plaintiff is entitled to damages in an amount to be proven at trial, but currently estimated to exceed $500,000, which includes Plaintiff's damages incurred from Defendant's use of the Infringing Signage, corrective advertising costs, lost profits and loss to goodwill, its costs and attorney fees.

### FOURTH CLAIM FOR RELIEF

(Dilution, ORS 647.107)

25.     Plaintiff realleges paragraphs 1 though 16.

26.     The Mark is famous as defined by ORS 647.107 for at least the following reasons: (a) it has been used in the Deschutes County area since 2001, and (b) the annual sales of premier, custom homes sold under the Mark average approximately $10 million annually.

27.     Defendant's use of the Infringing Signage dilutes the distinctive nature of the Mark and otherwise causes harm to the Mark.

28. Defendant willfully caused dilution of the Mark through its actions described above.

29. Pursuant to ORS 647.107(4) and ORS 647.105, Plaintiff is entitled to injunctive relief requiring Defendant to remove the Infringing Signage in the Deschutes County, Oregon, area and preventing Defendant from engaging in similar advertising in the future, judgment in the amount of treble Defendant's profits resulting from use of the Infringing Signage and judgment in the amount of treble Plaintiff's damages suffered from Defendant's use of the Infringing Signage, including, but not limited to, corrective advertising costs, lost profits, loss to goodwill, destruction of the Infringing Signage, its costs and attorney fees.

WHEREFORE Plaintiff prays for the following relief:

1. For its First and Second Claims for Relief, Judgment against Defendant as follows:

    (a) injunctive relief requiring Defendant to remove the Infringing Signage in the Deschutes County, Oregon, area and preventing Defendant from engaging in similar advertising in the future;

    (b) in an amount to be proven at trial, including treble Defendant's profits resulting from use of the Infringing Signage;

    (c) damages in an amount to be proven at trial, including treble Plaintiff's actual damages incurred from use of the Infringing Signage, corrective advertising costs, lost profits and loss to goodwill;

    (d) Plaintiff's costs; and

    (e) Plaintiff's attorney fees.

2. For its Third Claim for Relief, Judgment against Defendant as follows:

    (a)    Damages in an amount to be proven at trial, including but not limited to corrective advertising costs, lost profits and loss to goodwill ;

    (b)    Plaintiff's costs; and

    (c)    Plaintiff's attorney fees.

3.    For its Fourth Claim for Relief, Judgment against Defendant as follows:

    (a)    injunctive relief requiring Defendant to remove the Infringing Signage in the Deschutes County, Oregon, area and preventing Defendant from engaging in similar advertising in the future;

    (b)    in an amount to be proven at trial, including treble Defendant's profits resulting from use of the Infringing Signage;

    (c)    in an amount to be proven at trial, including treble Plaintiff's damages incurred from use of the Infringing Signage, including but not limited to corrective advertising costs, lost profits and loss to goodwill;

    (d)    requiring the destruction of the Infringing Signage;

    (e)    Plaintiff's costs; and

    (f)    Plaintiff's attorney fees.

4.    Any and all other relief as the Court deems appropriate.

DATED February 19, 2013.

                        HERSHNER HUNTER, LLP

                        By  */s/Todd R. Johnston*
                              Todd R. Johnston, OSB 992913
                              tjohnston@hershnerhunter.com
                              Telephone: (541) 686-8511
                              Facsimile: (541) 344-2025
                              Of Attorneys for Plaintiff